IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD RAY LONG and MINDY ANN CLAY § § § | | |
| Plaintiffs, § § | | |
| V. § § | No. 3:23-cv-425-K-BN | |
| ALACRITY SOLUTIONS GROUP, LLC, § § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Plaintiffs Donald Ray Long and Mindy Ann Clay filed a *pro se* complaint alleging in full:

> In the immediate wake of the pandemic, [Plaintiffs were] wrongfully oppressed of our human rights to competed for fair employment by Alacrity Solutions Group, LLC. with one of the largest insurance carriers in the United States, as described by FORBES (yr. 2020) The defendant denied any such involvement. However, it was officially confirmed, approximately 8 months later, when a voice to voice recording was finally obtained from at lease one of the defendant's competitors, who name Alacrity Solutions Group as primary respondent, along with a hurtful but boastful email directly from the defendant stating they were directly responsible for our loss of employment with the client. When we requested a hearing with a governing official of Alacrity, without an ounce of concern or remorse, we were denied while the defendant immediately ceased all succeeding communications with us.

Dkt. No. 3 (asserting that these facts establish the following claims: "Deprivation of Rights & Liberty, Violates of the 14th Amendment, the Amer. w/ Disab. Act, TCHRA").

Plaintiffs also move for leave to proceed *in forma pauperis* (IFP). *See* Dkt. No.

4.

So United States District Judge Ed Kinkeade referred their lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court will grant Plaintiffs leave to proceed IFP through a separate order. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss their lawsuit for Plaintiffs' failure to allege a plausible claim.

## Legal Standards

A district court is required to screen a civil action filed IFP and may summarily dismiss that action, or any portion of the action, if, for example, it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, but a plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

And, to survive dismissal, a plaintiff must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that a plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

Put differently, plaintiffs, through the complaint, must provide the Court enough factual content to demonstrate an entitlement to relief. *Compare Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."), *with Robbins*, 519 F.3d at 1247 ("The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." (quoting *Twombly*, 550 U.S. at 556)).

## Analysis

First, Plaintiffs appear to allege employment-based claims through their citations to the Americans with Disabilities Act (the ADA) and the TCHRA, which the undersigned understands to stand for the Texas Commission on Human Rights

Act, TEX. LABOR CODE ANN. § 21.001 *et seq.*, a state statute that is "functionally identical" to Title VII, *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 n.2 (5th Cir. 1999).

To plausibly allege (and ultimately prove) such claims against an employer requires that a plaintiff either rely on direct evidence of discrimination or proceed under a burden-shifting analysis.

"'[D]irect evidence is rare'" and has been defined by the United States Court of Appeals for the Fifth Circuit "as 'evidence which, if believed, proves the fact without inference or presumption.'" *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 579 (5th Cir. 2020) (footnotes omitted). For example, "'[a] statement or document which shows "on its face that an improper criterion served as a basis – not necessarily the sole basis, but a basis – for the adverse employment action [is] direct evidence of discrimination."'" *Clark*, 952 F.3d at 579 (footnote omitted).

Plaintiffs' allegations to do not implicate such direct evidence. So the first step in the burden-shifting analysis requires that they articulate a prima facie case as to each cause of action. Liberally construed, their causes of action appear to be discrimination under the statutes they cite. The prima facie elements of a discrimination claim are that a plaintiff

> (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group.

*McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (citation omitted); *see also Thompson v. Microsoft Corp.*, 2 F.4th 460, 470 (5th Cir. 2021) ("'To establish a

- 4 -

prima facie discrimination claim under the ADA, a plaintiff must prove: (1) that he has a disability; (2) that he was qualified for the job; and (3) that he was subject to an adverse employment decision on account of his disability.' Adverse employment decisions are 'ultimate employment decisions such as hiring, granting leave, discharging, promoting, ... compensating,' or demoting." (footnotes omitted)).

A plaintiff need not establish a prima facie case at the pleading stage. *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019); *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013).

But a plaintiff must "plead sufficient facts on all of the ultimate elements of his claim to make his case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (citations omitted); *see also Meadows v. City of Crowley*, 731 F. App'x 317, 318 (5th Cir. 2018) (per curiam) (*Raj* "does not exempt a plaintiff from alleging facts sufficient to establish the elements of her claims." (citations omitted)); *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 387 n.1 (5th Cir. 2017) ("Although not a pleading standard, this court has looked to the 'evidentiary framework' set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to determine whether a plaintiff pleads discriminatory intent." (cleaned up)).

And, as to discrimination, plaintiffs "must plausibly set out facts that the 'defendant took the adverse employment action against [them] *because of* [a] protected status.'" *Sanchez v. Chevron N. Am. Exploration & Prod. Co.*, No. 20-30783, 2021 WL 5513509, at *6 (5th Cir. Nov. 24, 2021) (per curiam) (quoting *Raj*, 714 F.3d at 331; emphasis by *Raj*). That is, as to discrimination based on race or national

origin, for example, "a plaintiff must allege 'facts, direct or circumstantial, that would suggest the employer's actions were based on the plaintiff's race or national origin or that the employer treated similarly situated employees of other races or national origin more favorably.'" *Id.* (cleaned up; quoting *Raj*, 714 F.3d at 331).

Plaintiffs' complaint lacks factual allegations to show that they fall into a protected class and that the "defendant took [an] adverse employment action against [them] *because of* [a] protected status." *Raj*, 714 F.3d at 331. Without facts on this essential element, Plaintiffs' employment-based claims are subject to dismissal.

Put another way, at this stage, the Court must ask whether Plaintiffs have alleged enough facts, accepted as true, to allege an actionable employment-based claim. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002). And, because they have not, it is "proper[ to] dismiss" their employment-based claims. *Meadows*, 731 F. App'x at 318; *see also Cicalese*, 924 F.3d at 766-67 (noting that the district court's "task is to identify the ultimate elements of [the applicable employment-related] claim and then determine whether the" plaintiff has pled those elements but that a "district court err[s if it] require[es a plaintiff] to plead something beyond those elements to survive a motion to dismiss").

Next, Plaintiffs allege that the named defendant violated the Fourteenth Amendment. And, given the facts provided, it is plausible that Plaintiffs contend that the defendant violated Fourteenth Amendment's protections related to due process and equal protection. *See* U.S. CONST. amend. XIV, § 1 ("[N]or shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any

person within its jurisdiction the equal protection of the laws."). As evidenced by this language, the Fourteenth Amendment generally applies to state actors.

"The traditional definition of acting under color of state law requires that the defendant … have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting, in turn, *United States v. Classic*, 313 U.S. 299, 326 (1941))). But the allegations in Plaintiffs' complaint do not raise this possibility. Thus, their Fourteenth Amendment claim is also not plausible.

The Court should therefore dismiss the complaint.

## Leave to Amend

The time to file objections to this recommendation (further explained below) allows Plaintiffs an opportunity to explain how they would cure the deficiencies identified above (that is provide enough facts to plausibly allege all elements of their claims) and thus show the Court that this case should not be dismissed with prejudice at this time and that the Court should instead grant them leave to amend their claims. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, FED. R. CIV. P. 15(a)(2), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). If the plaintiff does not provide a copy of the amended complaint nor explain how the

defects could be cured, a district court may deny leave. *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (affirming denial of leave to amend where plaintiffs 'failed to amend their complaint as a matter of right, failed to furnish the district court with a proposed amended complaint, and failed to alert both the court and the defendants to the substance of their proposed amendment').").

If Plaintiffs fail to show that leave to amend should be granted, the Court should dismiss this case with prejudice.

## Recommendation

The Court should dismiss this action with prejudice unless, within the time to file objections, Plaintiffs satisfactorily show that they can amend their complaint to allege a plausible claim.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: March 1, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE